UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>    v.<br><br>ALAN SAFAHI,<br><br>        Defendant. | Case No. 19-cr-00404-SI-1<br><br>**FINAL PRETRIAL SCHEDULING ORDER FOR BENCH TRIAL**<br><br>Re: Dkt. Nos. 45, 46, 47, 49 |

On January 18, 2022, the Court held a final pretrial conference in the above captioned matter, which was then set for jury trial beginning February 8, 2022. All parties were represented by counsel. Thereafter, in accordance with FED. R. CRIM. P. 23(a), defendant filed a waiver of his right to have his case tried by a jury. Dkt. No. 105. The government consented and this Court approved the waiver. **Accordingly, a bench trial will commence on February 8, 2022.**

1. **Trial Schedule**

The parties expected that the case would take about 3 weeks to try, when it was anticipated that a jury would be empaneled. This time frame should be shortened by the jury waiver. The Court does not hear trial on Fridays. The normal trial day runs from 8:30 am to 3:30 pm, with two short breaks and a 45-minute lunch break; but the Court will be flexible with counsel and witnesses to ensure the trial proceeds smoothly and efficiently. The Court will not be available on the following dates: February 16-17, 2022; and February 24, 2022.

2. **Opening Statement(S)**

As part of, or in lieu of, opening statements, the Court directs the plaintiff to provide the Court with a chart, listing for each charge of the indictment, the following:

- each element of the charged offense;

- the name of each witness who will testify to each such element, together with a summary of that witness' anticipated testimony;
- the exhibit number of each document which will be used to establish each such element, together with a summary of the document and its significance.

An example of the kind of chart the Court desires is provided below:

|  | **Elements of Offense** | **Witness Testimony** | **Exhibits** |
|---|---|---|---|
| **Bank Fraud** | *Element 1* | *Witness # 1: Summary of testimony* | *Ex. 1: Description and significance* |
|  |  | *Witness # 2: Summary of testimony* | ... |
|  |  | ... | ... |
|  | *Element 2* | … | … |
|  |  | … | … |
|  | *Element 3* | … |  |
|  |  | … | … |
| **Wire Fraud** | *Element 1* | … |  |
|  | ... | … | … |

Should defendant assert any affirmative defenses, he shall provide a similar chart for each affirmative defense and present it to the Court and counsel no later than the opening of the defense case.

3. **Witness List(s)**

Because of the continuing pandemic conditions, the parties are directed to meet and confer concerning whether any, and if so, which, potential witnesses may be allowed to participate remotely in the trial proceedings. A list of all potential witnesses, specifying which witnesses may testify remotely, shall be provided to the Court no later than **Friday, February 4, 2022**.

4. **Trial Exhibits**

No later than **Friday, January 28, 2022,** plaintiff shall submit its trial exhibits in binders with numbered tabs separating each exhibit, and including an index of the numbered exhibits. The Court shall be provided with three sets (the originals for the file, one set for the Court and one set for the witnesses) and the defendant with one set.

5. **Rulings On Pending Motions**

   a. **Summary**

At the pretrial conference on January 18, 2022, prior to the parties' jury waiver, the Court and counsel discussed several motions which remain pending before the Court. Based on the points raised at the pretrial conference and the papers submitted, and as explained further below, the Court hereby issues the following rulings:

- Government's Motion *in Limine* No. 1, Dkt. No. 45 - MOOT
- Government's Motion *in Limine* No. 2, Dkt. No. 45 - GRANTED
- Government's Motion *in Limine* No. 3, Dkt. No. 45 - GRANTED
- Government's Motion *in Limine* No. 4, Dkt. No. 45 - DENIED
- Defendant's Motion *in Limine* No. 1, Dkt. No. 46 - DENIED
- Defendant's Motion *in Limine* No. 2, Dkt. No. 46 - GRANTED
- Defendant's Motion *in Limine* No. 3, Dkt. No. 46 - DENIED
- Defendant's Motion *in Limine* No. 4, Dkt. No. 46 - GRANTED
- Defendant's Motion *in Limine* No. 5, Dkt. No. 46 - DENIED
- Defendant's Motion for Disclosure, Dkt. No. 47 – GRANTED IN PART AND DENIED IN PART
- Defendant's Motion to Strike, Dkt. No. 49 – DENIED

   b. **Discussion**

- **Government's Motions *in Limine* at Dkt. No. 45.**

**No. 1: References to defendant's punishment or sentence – MOOT**

Potential sentences are irrelevant to determination of guilt. But the jury waiver makes this motion moot.

**No. 2: References to unsupported facts in the opening statement - GRANTED**

Defendant may not reference facts in the opening statement that the defense does not reasonably anticipate will be supported by evidence.

**No. 3: Evidence not produced in discovery per FED. R. CRIM. P. 16(b) - GRANTED**

Defendant may not introduce evidence that should have been, but was not, produced under the reciprocal discovery obligations of FED. R. CRIM. P. 16(b).

**No. 4: Contents of government agent interview summaries (e.g., IRS Interview Memoranda) to impeach witnesses on cross-examination - DENIED**

The government's motion seeking to bar defendant from publishing to the jury interview summaries prepared by government agents, utilizing the summaries to impeach the interviewed witnesses during cross examination, or otherwise suggest that the summaries are statements of witnesses who did not write or adopt the summaries themselves, is premature and thus denied. *See United States v. Haischer*, 2012 WL 5199148, at *3 (D. Nev. Oct. 18, 2012) ("Given that the resolution of this question requires an individualized assessment" whether interview summaries prepared by federal agents who investigated the case have been adopted or approved by the witnesses, "the government's request for a blanket exclusion of the forms is premature."). This ruling is without prejudice to the government's ability to raise identical evidentiary objections at trial.

- **Defendant's Motions *in Limine* at Dkt. No. 46.**

**No. 1: Testimony and other evidence of alleged KeyBank fraud - DENIED**

Defendant seeks to exclude witness testimony and other evidence pertaining to a prior sponsorship agreement between CardEx and KeyBank on the grounds that such evidence is

4

irrelevant, prejudicial, and "not sufficient to support any argument or testimony that CardEx committed fraud in its relationship with KeyBank." Dkt. No. 53 at 10; Dkt. No. 56 at 3. The defense is correct that there is insufficient evidence that "CardEx committed fraud in its relationship with KeyBank." However, the government states that it does not intend to establish that CardEx *defrauded* KeyBank. Rather, a Termination Agreement suggests only that defendant's company was in default to KeyBank and owed them money around the same time defendant signed a sponsorship agreement with Sunrise Bank, giving rise to a potential motive under F.R.E. 404(b) to engage in the charged activity with Sunrise Bank. Accordingly, the motion is denied. The government will be required to set a proper foundation under Rule 404(b) prior to moving to admit the evidence for motive.

**No. 2: Testimony of defendant's alleged "lavish" lifestyle - GRANTED**

The government may not elicit testimony pertaining to defendant spending money on "fancy cars," a "big home," and "exotic vacations." Dkt. No. 46 at 10-11. Testimony on the nature and lavishness of defendant's expenditures does not bear on the elements of the charged offenses, including the specific intent to defraud. Thus, the government may not elicit speculative testimony on defendant's "spending habits," to the size of the home, the fanciness of his automobile, or related statements. The government may, however, move to admit evidence or testimony that defendant transferred money from CardEx to his own personal accounts and engaged in specific transactions.

**No. 3: Use of phrases such as "Two Sets of Books," "Scheme," or "Fraud" - DENIED**

Defendant moves to bar the government from characterizing the allegedly unlawful conduct as a "scheme" or "fraud" or using the phrase "two sets of books." Dkt. No. 46 at 12. The Court denies the motion. As long as the government describes what it means by "two sets of books," the risk of confusion or misleading the trier of fact is minimal. Further, the case law does not support defendant's proposition that a witness's use of the terms "scheme" or "fraud" is necessarily prohibited.

**No 4: Testimony or other evidence of involvement in cryptocurrency – GRANTED**

The government may not elicit testimony regarding defendant's cryptocurrency business, ZipZap, other than to the extent that references to ZipZap appear in bank records related to the charges against defendant. Dkt. No. 53 at 11; Dkt. No. 56 at 7.

**No. 5: Emails and other business records – DENIED**

Defendant moves to exclude an email sent to Sunrise Bank by CardEx employee Jonathan Germain on September 24, 2014, and a report contained within that email, drafted on September 22, 2014, which revealed the $2.7 million dollar discrepancy in the prepaid card amounts previously disclosed to Sunrise Bank. Dkt. No 46 at 16. The Court will deny the motion at this time. However, at trial, the government must lay a proper foundation for both the email *and* the report to independently establish the admissibility of each.

- **Defendant's Motion to Disclose Grand Jury Instructions/Colloquy at Dkt. No. 47.**

**A. Grand Jury Instructions - GRANTED**

The Court grants defendant's request for the disclosure of the legal instructions provided to the grand jury. Dkt. No. 47 at 3. Because the indictment has already been returned and the grand jury transcripts have already been disclosed, the Court finds it unnecessary to withhold legal instructions to protect the secrecy of the grand jury proceedings. *See United States v. Belton*, 2015 WL 1815273 at *3 (N.D. Cal. Apr. 21, 2015) ("The [legal] instructions do not reveal the substance of the grand jury's deliberative process or other information that would compromise the secrecy that Rule 6 seeks to protect."). Further, the Court is persuaded that the Ninth Circuit's recent decision in *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020), which "overrule[ed]" prior precedent and held "that wire fraud requires the intent to deceive *and* cheat," provides a basis for the disclosure of legal instructions. *See United States v. Way*, 2015 WL 8780540, at *5 (E.D. Cal. Dec. 15, 2015) (ordering disclosure of legal instructions where intervening Supreme Court precedent "altered the element of

knowledge for the crimes charged.").

### B. Colloquy - DENIED

Defendant's motion also seeks the disclosure of a colloquy between the government and the grand jurors which allegedly occurred after one of the juror asked Agent Dmyterko, "Why did [CardEx] send that report [disclosing the $2.27 million dollar discrepancy]? Why did – why did they send that last report if, all of a sudden, they were, basically, exposing themselves?" The Court finds that defendant's arguments fail to provide the requisite particularity to justify disclosure and will thus deny this part of the motion. *See United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) ("[m]ere unsubstantiated, speculative assertions of improprieties in the proceedings do not supply the 'particular need' required to outweigh the policy of grand jury secrecy.")

- **Defendant's Motion to Strike Forfeiture Allegation from Indictment at Dkt. No. 49**

Defendant asserts that the forfeiture money judgment allegation in the indictment is not authorized by statute and is therefore unconstitutional. Dkt. No. 49. The Court will **DENY** defendant's motion to strike as the Ninth Circuit recently upheld the use of such forfeiture money judgments. *United States v. Nejad*, 933 F.3d 1162, 1165–66 (9th Cir. 2019) ("In short, we see nothing in *Honeycutt* (or any other recent Supreme Court decision) that would allow us to overrule our prior precedent permitting entry of a personal money judgment in the circumstances present here."); *United States v. Taylor*, 833 F. App'x 715, 716 (9th Cir. 2021) ("Our court, however, has already decided that forfeiture money judgments are permissible in the criminal forfeiture context, even after the Supreme Court handed down its decision in *Honeycutt*.").

**IT IS SO ORDERED**.

Dated: January 24, 2022

SUSAN ILLSTON
United States District Judge