AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☒ SUPERSEDING

**OFFENSE CHARGED**

18 USC 1344 - Bank Fraud
18 USC 1343 - Wire Fraud (Four Counts)
18 USC 1957 - Money Laundering

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: As to first five each counts: 30 years imprisonment
$1,000,000 fine, 5 years supervised release
As to 1957 count: 10 years imprisonment, $250,000 fine, 3 years s.r.
As to all counts: restitution, forfeiture, $100 special assessment,
potential deportation

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN FRANCISCO DIVISION

**DEFENDANT - U.S**

▶ Alan Safahi

DISTRICT COURT NUMBER
CR 19-404 SI

FILED
JAN 27 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
IRS-CI

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed
which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW
DOCKET NO.

☒ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   Stephanie M. Hinds
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Robert David Rees

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
Northern District of California

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction                } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   If "Yes" give date
been filed?    ☐ No    filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED ▶ Month/Day/Year
TO U.S. CUSTODY

☒ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments:

# United States District Court

FOR THE
NORTHERN DISTRICT OF CALIFORNIA

VENUE: SAN FRANCISCO          CASE NO.19-CR-00404 SI

---

UNITED STATES OF AMERICA,

V.

ALAN SAFAHI,

FILED
JAN 27 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT(S).

---

# SUPERSEDING INDICTMENT

18 U.S.C. § 1344(1), (2) – Bank Fraud;
18 U.S.C. § 1343 – Wire Fraud;
18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity;
18 U.S.C. §§ 982(a)(1) and (b)(1) – Forfeiture Allegation

---

A true bill.

/s/ *Foreperson of the Grand Jury – Roy Alper*
                                            Foreman

Filed in open court this __27th__ day of
__January, 2022__.

Ivy L. Garcia, Clerk

Bail, $ __No process__

DONNA M. RYU, U.S. Magistrate Judge

STEPHANIE M. HINDS (CABN 154284)
United States Attorney

**FILED**

JAN 27 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALAN SAFAHI, <br><br> Defendant. | CASE NO. 19-CR-00404 SI <br><br> <u>VIOLATIONS</u>: <br> 18 U.S.C. § 1344(1), (2) – Bank Fraud; <br> 18 U.S.C. § 1343 – Wire Fraud; <br> 18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity; <br> 18 U.S.C. §§ 982(a)(1) and (b)(1) – Forfeiture Allegation <br><br> SAN FRANCISCO VENUE |

SUPERSEDING INDICTMENT

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Indictment:

1.  Sunrise Banks and Union Bank were financial institutions as that term is defined at 18 U.S.C. § 20, the deposits of which were insured by the Federal Deposit Insurance Corporation.

2.  The Target Group was a small business located in Atlanta, Georgia.

3.  Defendant ALAN SAFAHI resided in the State of California and owned and ran a business called "Card Express, Inc." or "CardEx" that serviced prepaid charge cards for sponsors such

SUPERSEDING INDICTMENT
19-CR-00404 SI                                     1

as the Target Group. Sponsors such as the Target Group purchased prepaid charge cards through Card Express. The sponsors paid the full value of the cards that they purchased to Card Express. Card Express then worked with Sunrise Banks to supply and fund the charge cards.

COUNT ONE:          (18 U.S.C. § 1344(1), (2) – Bank Fraud)

4. Paragraphs 1 through 3 of this Indictment are re-alleged and incorporated as if fully set forth here.

5. Beginning in or about June 2013 and continuing through in or about September 2014, in the Northern District of California and elsewhere, the defendant,

ALAN SAFAHI,

knowingly and with the intent to defraud participated in, devised, and intended to devise a scheme and plan to defraud Sunrise Banks as to a material matter, and to obtain money and property owned by, and under the custody and control of, Sunrise Banks by means of materially false and fraudulent pretenses, representations, and promises, by means of concealment of material facts, and by omission of material facts with a duty to disclose.

THE SCHEME AND ARTIFICE TO DEFRAUD

6. In and around June 2013, SAFAHI entered into an agreement with Sunrise Banks for it to sponsor prepaid charge cards that Card Express would issue and service. As part of that agreement, SAFAHI promised that all prepaid charge cards would be fully funded and that 100% of the value of any and all cards be turned over to the bank. In reliance on that promise, Sunrise Banks entered into the agreement.

7. Contrary to that promise, SAFAHI directed employees of Card Express to implement a "Funding on Demand" initiative. They did so by keeping two sets of records of the balances of the charge cards. First, at SAFAHI's direction, Card Express employees accurately reported the prepaid charge card balances to Card Express's sponsors and cardholders. These accurate numbers for each card equaled the total amount loaded minus the amount used. Second, also at SAFAHI's direction, Card Express employees falsely reported a different set of card balances to Sunrise Banks. Specifically, SAFAHI caused the employees to falsely report to Sunrise Banks as the total balance of the prepaid cards only the money that had actually been spent by the cardholder, and only on the day it was spent.

SUPERSEDING INDICTMENT                 2
19-CR-00404 SI

This caused Sunrise Banks to believe that the cards Sunrise Banks sponsored had much lower balances overall than in fact they did.

8.  Instead of turning the funds over to Sunrise Banks per his agreement, SAFAHI fraudulently diverted the difference between the two sets of numbers for the prepaid cards. He used those funds to support Card Express's funding needs as well as to maintain his personal lifestyle, including by using funds that should have been turned over to Sunrise Banks to purchase his home in the Northern District of California.

9.  Eventually, SAFAHI was no longer able to maintain sufficient cash flow to conceal his fraud. On or about September 24, 2014, SAFAHI and Card Express, under cash flow pressure, reported the true overall balance of the prepaid charge cards to Sunrise Banks, which was approximately $2,735,531.27 larger than previously reported. SAFAHI then promptly shut down Card Express, causing both Sunrise Banks and sponsors such as the Target Group to lose money.

All in violation of Title 18, United States Code, Section 1344(1), (2).

COUNTS TWO THROUGH FIVE:  (18 U.S.C. § 1343 – Wire Fraud)

Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated as if fully set forth here.

10.  Beginning in or about June 2013 and continuing through in or about September 2014, in the Northern District of California and elsewhere, the defendant,

ALAN SAFAHI,

knowingly and with the intent to defraud participated in, devised, and intended to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, by means of concealment of material facts, and by omission of material facts with a duty to disclose, which affected a financial institution, namely, Sunrise Banks.

THE USE OF A WIRE/EXECUTION OF THE SCHEME

11.  On or about the dates set forth below, in the Northern District of California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud, the defendant,

SUPERSEDING INDICTMENT                              3
19-CR-00404 SI

ALAN SAFAHI,

did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain writings, signs, signals, pictures, and sounds, as set our specifically below.

| COUNT | DATE | DESCRIPTION OF WIRE |
|---|---|---|
| TWO | 11/18/2013 | Wire transfer of $149,300 from the Target Group United Community Bank account numbered ending in 7864 to Safahi's Card Express Union Bank account numbered ending in 3419. |
| THREE | 11/18/2013 | Wire transfer of $35,000 from Safahi's Card Express Union Bank account numbered ending in 3419 to Key Bank account numbered ending in 4288. |
| FOUR | 11/18/2013 | Wire transfer of $35,000 from Safahi's Card Express Union Bank account numbered ending in 3419 to Sunrise Banks account numbered ending in 9081. |
| FIVE | 9/22/2014 | Wire transfer of $93,400 from the Target Group United Community Bank account numbered ending in 7864 to Safahi's Card Express Union Bank account numbered ending in 3419 |

All in violation of Title 18, United States Code, Section 1343.

COUNT SIX:   (18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

12.   Paragraphs 1 through 11 of this Indictment are re-alleged and incorporated as if fully set forth here.

13.   On or about September 23, 2014, in the Northern District of California and elsewhere, the defendant,

ALAN SAFAHI,

did knowingly engage in a monetary transaction by, through, and to a financial institution, in and affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, specifically, the purchase of a cashier's check in the amount of $80,000 from his Card Express Union Bank account numbered ending in 3419, such funds having been derived from the specified unlawful activities of bank fraud and wire fraud.

All in violation of Title 18, United States Code, Section 1957.

FORFEITURE ALLEGATION:   (18 U.S.C. § 982(a)(1) and (a)(2))

14.   The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(1) and

SUPERSEDING INDICTMENT        4
19-CR-00404 SI

(a)(2).

15. Upon conviction for the offense set forth in Counts One through Six of this Indictment, the defendant,

ALAN SAFAHI,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1) and (a)(2), all property, real or personal, involved in said violations, or any property traceable to such property, including, but not limited to, a forfeiture money judgment.

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Sections 982(a)(1) and (a)(2) and Federal Rule of Criminal Procedure 32.2.

DATED: January 27, 2022                      A TRUE BILL.

/s/ *Grand Jury Foreperson - Roy Alper*
FOREPERSON

STEPHANIE M. HINDS
United States Attorney

/s/ *Robert David Rees*
ROBERT DAVID REES Assistant
United States Attorney

SUPERSEDING INDICTMENT
19-CR-00404 SI                      5

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

**FILED**
JAN 27 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## CRIMINAL COVER SHEET

***Instructions:*** *Effective November 1, 2016, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case.*

**CASE NAME:** USA v. Alan Safahi

**CASE NUMBER:** CR 19-404 SI

**Is This Case Under Seal?** Yes ☐ No ✓

**Total Number of Defendants:** 1 ✓  2-7 ☐  8 or more ☐

**Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326?** Yes ☐ No ✓

**Venue (Per Crim. L.R. 18-1):** SF ✓  OAK ☐  SJ ☐

**Is this a potential high-cost case?** Yes ☐ No ✓

**Is any defendant charged with a death-penalty-eligible crime?** Yes ☐ No ✓

**Is this a RICO Act gang case?** Yes ☐ No ✓

**Assigned AUSA (Lead Attorney):** Robert David Rees

**Date Submitted:** 1/27/22

**Comments:**

Form CAND-CRIM-COVER (Rev. 11/16)

RESET FORM    SAVE PDF