UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA, <br>         Plaintiff, <br>     v. <br> SAFAHI, <br>         Defendant. | Case No. 19-cr-00404-SI-1 <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR RELEASE ON BAIL PENDING APPEAL** <br><br> Re: Dkt. No. 176 |

On August 22, 2019, defendant Alan Safahi was indicted in connection with a scheme in which Safahi defrauded Sunrise Banks, N.A. by underfunding credit cards issued by Sunrise Banks and managed by Safahi's company, Card Express, Inc. ("CardEx").[1] Dkt. No. 1. Safahi waived his right to a jury; following a bench trial, the Court issued special findings of fact and an order convicting Safahi of bank fraud, wire fraud, and money laundering. Dkt. No. 150. Judgment was entered on February 7, 2023, Dkt. No. 162, and an amended judgment was entered on April 10, 2023. Dkt. No. 175. Safahi is currently scheduled to self-surrender on May 4, 2023. *Id.* at 2.

In February 2023, Safahi appealed the Special Findings of Fact and Order of Conviction, sentence, and judgment to the Ninth Circuit. Dkt. Nos. 164, 165. On April 14, 2023, Safahi filed a motion seeking release on bail pending the outcome of this appeal, setting the hearing date for April 28, 2023. Dkt. No. 176. The government opposes. Dkt. No. 177. For the reasons discussed below, Safahi's motion is **DENIED.**

---

[1] A superseding indictment was later filed. Dkt. No. 110.

**LEGAL STANDARD**

The defendant has the burden to overcome the presumption that he should be detained while his appeal is pending. *See United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990); *United States v. Handy*, 761 F.2d 1279 (9th Cir. 1985).

A defendant who has been convicted and sentenced to imprisonment will be detained pending appeal unless the court finds that the defendant "is not likely to flee or pose a danger to the safety of any other person or the community if released" and "that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in" reversal, a new trial, or a sentence that either does not include imprisonment or includes term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b).

A "substantial question" is one that is "fairly debatable." *Handy*, 761 F.2d at 1281. "In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *Id.* at 1283 (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

The requirement that the argument be "likely to result in reversal or a new trial" defines the "type of question that must be presented" for appeal. *Id.* at 1281. This requirement applies not to the likelihood that the argument will succeed on appeal but rather the effect if it does. *See United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985).

**DISCUSSION**

**A.    Whether Safahi Poses a Threat to the Community**

Safahi first argues that he does not pose a flight risk or a threat to the community. Mot. at 5–6. Safahi has not violated his release conditions and has appeared in court when required. *See id.* The government does not argue that Safahi poses a flight risk. *See* Opp. at 2. However, the government argues that Safahi poses a financial danger to the community. *Id.* Prior to the instant case, Safahi had a criminal history category score of zero. Dkt. No. 155. The offense conduct

occurred several years ago. *See* Dkt. No. 150. Despite Safahi's prior crimes, the Court finds that he does not pose a danger to the community. Nor does he pose a flight risk.

**B.     Whether Safahi Raises Substantial Questions Likely to Result in Reversal, Retrial, or Resentencing**

Safahi raises several issues on appeal. First, he argues that the government was required to prove that he possessed fraudulent intent at the time he signed the contract with Sunrise Bank and that the government has failed to do so. Mot. at 6–9. Second, he argues that his conviction was the result of an impermissible constructive amendment. *Id.* at 9–11. Third, he challenges the loss amount found by the Court at sentencing. *Id.* at 12–16. Fourth, he challenges the court's decision denying his motion to suppress evidence seized from Google. *Id.* at 16–19. Fifth, he challenges the court's ruling denying relief based on the government's failure to preserve evidence. *Id.* at 19–22. The Court addresses each argument in turn.

**1.     Safahi's Argument that the Government Was Required to Prove Safahi Possessed Intent to Defraud When the Contract Was Made**

Safahi first argues that to obtain a conviction on the bank and wire fraud counts, the government was required to and failed to prove that Safahi possessed the requisite intent to defraud Sunrise Banks when the contract between Sunrise and CardEx was formed. Mot. at 6–9.

Safahi's argument rests on a strained reading of *U.S. ex rel. O'Donnell v. Countrywide Home Loans, Inc.*, 822 F.3d 650 (2d Cir. 2016). In that case, the Second Circuit held that fraud cannot be proven solely on the basis of a contractual breach, even when the breach is knowing and willful, if intent to defraud did not exist at the time of formation of the contract. *Id.* at 658. Safahi interprets this to mean there can be no fraud where parties are involved in a contractual relationship unless fraudulent intent existed at the time of formation of the contract. But *Countrywide* explicitly rejects this assertion and distinguishes cases in which "the defendants made affirmative fraudulent misrepresentations to their contractual counterparties in the course of performance or to feign performance under the contract." *Id.* at 658 (citing *United States v. Naiman*, 211 F.3d 40, 44, 49

(2d Cir.2000) (upholding fraud conviction based on submission of false certification of compliance required by contracts with the government)).

Here, the fraudulent misrepresentation consisted of *ongoing* misrepresentations, not merely the violation of the contract. *See* Dkt. No. 150 at 13–18. As noted in *Countrywide*, "a contractual relationship between the parties does not wholly remove a party's conduct from the scope of fraud." *U.S. ex rel. O'Donnell v. Countrywide Home Loans, Inc.*, 822 F.3d at 658 (2d Cir. 2016). "[F]raud turns on . . . when the representations were made and the intent of the promisor at that time." *Id.* The Court found that Safahi directed fraudulent reports sent to Sunrise Banks from October 2013 onward. Dkt. No. 150 at 13–18. One witness explained, "The reports were fiction." *Id.* at 18 (quoting 4 Tr. at 657). Safahi did not merely breach the Sunrise Banks contract; he made fraudulent misrepresentations beyond the contract. Because the fraudulent misrepresentations existed outside of the contract, the government is not required to prove that Safahi possessed intent to defraud at the time the contract was formed. *See Countrywide*, 822 F.3d at 658 (2d Cir. 2016). Safahi has failed to raise a fairly debatable question on this point.

### 2. Safahi's Argument That Conviction Resulted from Impermissible Constructive Amendment

Safahi next argues that the government impermissibly relied on "one theory to obtain an indictment and another to obtain a conviction." Mot. at 9. Specifically, Safahi takes issue with the superseding indictment's statement that he "entered into an agreement with Sunrise Banks" and promised the prepaid cards would be fully funded, which promise Sunrise Banks relied upon in entering the contract. Mot. at 11; *see* Superseding Indictment, Dkt. No. 110 at 2. Safahi argues that the government was unable to prove that he was involved in or aware of the contract signing or that Sunrise relied on the promise of full funding in making the contract. Safahi has failed to raise a fairly debatable argument here. The Court did find that Safahi controlled CardEx when CardEx signed the contract. Dkt. No. 150 at 6. Further, as explained above, the indictment charged, and the Court found, many fraudulent misrepresentations beyond formation of the contract. *See* Dkt. Nos. 110, 150. That Safahi disagrees with the Court's conclusions does not mean the Court

4

convicted Safahi based on conduct other than that which was charged.

### 3. Safahi's Challenge to the Loss Amount

Safahi next challenges the loss amount determined by the Court at sentencing. Mot. at 12–16. For a sentencing appeal to result in release pending appeal, the defendant must show that his appeal "raises a substantial question of law or fact likely to result in . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeals process." 18 U.S.C. § 3143(b)(1)(B)(iv). The average time to resolve an appeal on the merits of a criminal case in the Ninth Circuit is 12.1 months. Dkt. No. 176. But Safahi acknowledges that even if the loss calculation were zero, he would be subject to a guideline sentence of 15-21 months under the current sentencing guidelines. Reply at 6. At hearing, Safahi raised the additional argument that a change proposed by the Sentencing Commission would add a two-point decrease for certain offenders, leaving a guidelines range of 10-16 months. Safahi commenced his appeal approximately two and a half months ago; thus, even with the lowest guideline sentence under the amended guidelines, a successful appeal would result in a greater time of incarceration than the remaining time on appeal.

Safahi argues that he would probably end up being released early with good time and First Step Act programming credits, and very well may be released earlier to a halfway house or home confinement given that he will be in the lowest BOP security classification. This argument is entirely speculative. Because Safahi has not shown that even a successful appeal would likely result in a sentence "to a term of imprisonment less than the total of the time already served plus the expected duration of the appeals process," the Court cannot grant relief on the basis of Safahi's loss calculation argument.

### 4. Safahi's Challenge to the Denial of His Motion to Suppress and Denial of Relief Based on the Government's Failure to Preserve Evidence

Safahi also challenges the court's decision denying in part his motion to suppress and denying his motion for relief based on the government's failure to preserve evidence. *See* Mot. at

5

1    16–22. But Safahi has made no argument as to the likely relief if he were to prevail on either of

2    these arguments. *See* Mot. at 16–22 (discussing "fairly debatable" prong), 22–23 (discussing "likely

3    to result in" relief prong for other challenges). Because Safahi has failed to provide any argument

4    that either of these arguments would result in reversal, new trial, or a sentence low enough to warrant

5    release pending appeal, the Court cannot release Safahi on the basis of these arguments. *See* 18

6    U.S.C. § 3143(b)(1)(B).

## CONCLUSION

The motion for bail pending appeal is denied.

**IT IS SO ORDERED**.

Dated: April 28, 2023

_____
SUSAN ILLSTON
United States District Judge