ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ROBERT DAVID REES (CABN 229441)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7210
    FAX: (415) 436-7234
    Email: Robert.rees@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 19-404 SI |
| Plaintiff, | |
| v. | OPPOSITION TO DEFENDANT'S FURTHER REQUEST FOR BAIL PENDING APPEAL |
| ALAN SAFAHI, | |
| Defendant. | |

    The defendant was sentenced on February 3, 2023 to 40 months in custody. Dkt. 162. The Court ordered him to self-surrender by May 4, 2023, Dkt. 175, and subsequently denied his motion for bail pending appeal, Dkt. 181. On the eve of his self-surrender date, the defendant filed an appeal with the Ninth Circuit seeking bail pending appeal from that Court, and on the day he was to have self-surrendered, filed a "notice" with the Court describing that action as an "automatic stay" of the self-surrender date, relying on Ninth Circuit Rule 9-12(e).

    The defendant's notice described such action as "a stay" of the self-surrender date "until the Ninth Circuit rules on the motion." Dkt. 184. Nowhere in the "notice" did he claim that his appeal vacated his obligation to report to the BOP when that stay lifted. Indeed, the defendant's "notice" cited *United States v. Fuentes*, 946 F.2d 621, 622 (9th Cir. 1991), describing such action as a "stay of

Opp. Further Bail Mot                               1
CR 19-404 SI

surrender" as opposed to a vacatur or other more permanent abrogation of the Court's surrender order.

By operation of Circuit Rule 9-12(e), and as the defendant concedes, such a stay is only "in effect until the [Circuit] Court rules on the motion." Two weeks ago, on June 15, 2023, the Ninth Circuit denied his motion for bail pending appeal, ending the stay of his surrender and legally requiring him to surrender to custody. *See, e.g.,* 18 U.S.C. § 3143(b)(1) (stating that "the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained" unless that person has met certain conditions).

With the defendant having been ordered to surrender to serve his sentence, with his motions for bail having been denied by both this Court and the Ninth Circuit, and with his stay having been lifted, there is no apparent legal basis for the defendant's continued release from custody. Nevertheless, today he filed a motion seeking additional time on bail pending his appeal that articulated no legal basis in support. The United States continues to oppose any release of the defendant on bail pending appeal. At the very least, his motion should be denied as untimely given the two weeks that have passed since the Court ordered his surrender and since its stay has been lifted. The defendant should be in BOP custody as per the Court's lawful surrender order. Dkt. 175.

Nevertheless, the defendant has remained at large and has not surrendered to serve his sentence. The United States has not yet sought any orders from the Court seeking his arrest or detention and has thereby effectively acquiesced in an extension of his self-surrender date for these two weeks. Two weeks is the same amount of time that defendant Elizabeth Holmes was allowed to remain out of custody after her bail pending appeal was denied by the Ninth Circuit, one of the defendants he favorably cites in his motion. *See* May 16, 2023 Fortune article, "Former Theranos CEO Elizabeth Holmes must soon report to prison after losing her final bid to remain free," available at https://fortune.com/2023/05/16/elizabeth-holmes-theranos-prison-bail-appeal/; *and* May 30, 2023 CNN article, "Elizabeth Holmes reports to prison," available at https://www.cnn.com/2023/05/30/tech/elizabeth-holmes-prison/index.html.

That is apparently not enough for Mr. Safahi. Instead, he seeks more than an additional week of release-on-bail status to which he is not legally entitled and which has been denied him. Indeed, he

seeks a surrender date of July 9, 2023, a Sunday, which he will presumably interpret to allow him actually to surrender the day after, on Monday July 10, 2023. *See* Fed. R. Crim. P. 45(a)(1)(C) (stating that, in computing the time period for any "court order," "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

This Court should not further entertain the defendant's continued efforts to remain on bail pending appeal. He has sought and now exhausted all possible remedies on the subject and has been duly and lawfully denied such bail. Accordingly, this Court should order the defendant to surrender to serve his sentence forthwith with no further extensions.

DATED: June 29, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

_____/s_____
ROBERT DAVID REES
Assistant United States Attorney